**17SL-AC28646**

Electronically Filed - St Louis County - October 19, 2017 - 10:17 AM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI
ASSOCIATE DIVISION

| | |
|---|---|
| BRYNDI ZAZUETA, | ) |
| Plaintiff, | ) |
| | ) Cause No |
| v. | ) |
| | ) Division |
| MEDICAL DATA SYSTEMS, INC, | ) |
| Defendant. | ) |
| Serve at: | ) |
| CSC - Lawyers Incorporating Service Company | ) |
| 221 Bolivar Street | ) |
| Jefferson City, MO 65101 | ) |
| | ) |
| Defendant. | ) **JURY TRIAL DEMANDED** |

## PETITION

COMES NOW Plaintiff Bryndi Zazueta and states as follows:

### INTRODUCTION

1. This is an action for actual and statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiff demands a trial by jury on all issues so triable.

## JURISDICTION

3. This Court has jurisdiction of the FDCPA claim under 15 U.S.C. §1692k(d), as Defendant's collection activity was directed to Plaintiff at her residence in Missouri. Plaintiff suffered the harms described herein in Missouri. Venue is also proper in St. Louis County, Missouri for this reason.

## PARTIES

4. Plaintiff is a natural person currently residing in Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA.

5. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions. Specifically, the debt arose from medical services Plaintiff received at Missouri Baptist Medical Center.

6. Defendant Medical Data Systems, Inc. ("MDS") is a foreign entity with its principal place of business outside of Missouri.

7. The principal business purpose of MDS is the collection of debts in Missouri and nationwide, and MDS regularly attempts to collect debts alleged to be due another.

8. MDS is engaged in the collection of debts from consumers using the mail and telephone. MDS is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## FACTS

9. MDS' collection activity of which Plaintiff complains occurred within the previous twelve (12) months.

10. In August of 2017, MDS attempted to collect the alleged consumer debt from Plaintiff via mail by sending its initial collection letter to Plaintiff.

Electronically Filed - St Louis County - October 19, 2017 - 10:17 AM

11. Plaintiff received the initial collection letter on or about August 18, 2017.

12. Plaintiff noticed that the debt was allegedly for her minor son, but recalled that she had: (1) paid all copays and that (2) she was fully insured for the subject medical visit. As such, Plaintiff has a bona fide dispute as to the validity of the debt.

13. The letter explained that Plaintiff had thirty days to dispute the debt upon receiving the notice, and it instructed Plaintiff to contact MDS.

14. Shortly after receiving the letter, Plaintiff called MDS to question why she had a balance of $172.11, explaining that her insurance should have covered the bill, and further explaining that she should not owe anything.

15. MDS argued with Plaintiff and stated that as a parent, she should be financially responsible for any account balances relating to her child.

16. Plaintiff asked MDS if the debt was going to affect her credit, and MDS responded that the only way for Plaintiff to avoid a credit impact would be to pay the debt in full in a very short period of time.

17. This was a false statement. There are numerous ways, other than paying the invalid balance, for Plaintiff to eliminate the credit impact of the subject debt. Plaintiff could, for example, dispute the debt directly with the credit bureau or Plaintiff could file for bankruptcy. Plaintiff could also take up the matter with the original creditor.

18. When Plaintiff asked when MDS payment was due, MDS demanded that Plaintiff pay the debt within the thirty day dispute period provided by Section 1692g.

19. MDS stated that it could accept a postdated check, but only if payment was made by Friday, September 1, 2017--a date well within the dispute period.

20. Thus, Plaintiff believed that MDS would not honor her dispute rights pursuant to Section 1692g and MDS, in fact, overshadowed those rights by its aggressive payment demand within the dispute period.

21. Furthermore, the payment deadline of September 1 was false and illusory. MDS made it appear that it would credit report Plaintiff on September 2, 2017 if Plaintiff did not pay in full. In reality, MDS was not going to do that.

22. Plaintiff responded that what MDS was telling her did not sound correct, and MDS then told Plaintiff that the true deadline was September 14, 2017--also a date well within the Section 1692g dispute period.

23. Thus MDS, for a second time, overshadowed Plaintiff's dispute rights.

24. The "true deadline" of September 14 also demonstrates that MDS' artificial deadline of September 1 was false and illusory.

25. Plaintiff responded that she was uncomfortable dealing with MDS and that she was handing the matter over to her lawyer. Plaintiff tried to give MDS her attorney's contact information and provided her attorney's name and phone number.

26. MDS would not take Plaintiff's attorney's contact information. Instead, MDS told Plaintiff to "have him call us."

27. Accordingly, MDS violated Section 1692c when it refused to take Plaintiff's attorney's contact information.

28. Thereafter, upon information and belief, MDS continued to telephone Plaintiff in an effort to collect the debt.

Electronically Filed - St Louis County - October 19, 2017 - 10:17 AM

Electronically Filed - St Louis County - October 19, 2017 - 10:17 AM

29. MDS' above-described conduct has caused Plaintiff to suffer the following additional injuries in fact:

   a. Plaintiff was deprived of truthful information about the debt because MDS made it appear that Plaintiff had no right to dispute the debt and no right to retain counsel on the debt;

   b. Plaintiff has been deprived of her statutory right to dispute the debt within thirty days of receiving communication from the debt collector; and

   c. Plaintiff has been deprived of her statutory right to avoid harassment, oppression, or abuse in connection with the collection of a debt, specifically that MDS harassed and abused Plaintiff verbally when it criticized Plaintiff's parenting skills in connection with the collection of the debt.

30. The injuries in fact are fairly traceable to the challenged actions of MDS in that MDS engaged in the telephone conversation with Plaintiff.

31. Plaintiff's injuries in fact are likely to be redressed by a favorable decision in this Court.

## COUNT I: VIOLATION OF THE FDCPA

32. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

33. In its attempts to collect the alleged debt from Plaintiff, MDS has committed violations of the FDCPA, 15 U.S.C. §1692 et seq., including, but not limited to, the following:

   a. Overshadowing Plaintiff's dispute rights. See 15 U.S.C. §1692g;

   b. Falsely representing the character, amount, or legal status of the alleged debt, specifically that the debt was not the type of debt that could be disputed and falsely

Electronically Filed - St Louis County - October 19, 2017 - 10:17 AM

representing payment deadlines and making false threats about credit reporting. See 15 U.S.C. §1692e; and

  c. Engaging in harassing, abusive, deceptive, misleading, unfair, and unconscionable conduct in the collection of a debt; MDS insulted Plaintiff's parenting skills, provided illusory payment deadlines to Plaintiff, refused to take Plaintiff's attorney's contact information, and made false statements about credit reporting. See 15 U.S.C. §1692d.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against MDS for:

  A. Judgment that MDS' conduct violated the FDCPA;

  B. Actual damages in an amount to be determined by the jury;

  C. Statutory damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k); and

  D. For such other relief as the Court may deem just and proper.

**Ross & Voytas, LLC**

/s/ Richard A. Voytas, Jr.

Richard A. Voytas, Jr, #52046
rickvoytas@rossvoytas.com
Nathan E. Ross, #51166
nate@rossvoytas.com
Ethan W. Gee, #70075
ethan@rossvoytas.com
12444 Powerscourt Drive, Ste 370
St. Louis, MO 63131
Phone: (636) 594-2266
Fax: (636) 333-1212

Attorneys for Plaintiff