**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| BRYNDI ZAZUETA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 4:17-cv-02796-SNLJ |
| | ) |
| MEDICAL DATA SYSTEMS, INC. d/b/a | ) |
| MEDICAL REVENUE SERVICE | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS IN**
**SUPPORT OF HER MOTION FOR PARTIAL SUMMARY JUDGMENT**

COMES NOW Plaintiff, Bryndi Zazueta, and for her Statement of Uncontroverted Facts in Support of Her Motion for Summary Partial Judgment states as follows:

1.      Plaintiff is an individual consumer.  She did not incur the alleged debt at issue in this suit for any business-related purpose.  Plaintiff's Affidavit, **Exhibit 1**, ¶ 2.

2.      The services that give rise to the alleged debt relate to medical services Plaintiff or her minor child received- all collection communications were addressed to Plaintiff. Plaintiff's Affidavit, **Exhibit 1**, ¶ 3.

3.      Defendant is a debt collector, as demonstrated by its August 10, 2017 letter to Plaintiff and telephone conversation with Plaintiff.  Defendant's August 10, 2017 Letter to Plaintiff, **Exhibit 2**; Recording of August 2017 Telephone Conversation, **Exhibit 3**.[1]

---

[1] Plaintiff has authenticated this recording in her Affidavit.  Plaintiff's Affidavit, **Exhibit 1**, ¶ 13.

4.      On August 18, 2017, Plaintiff received the initial letter on the subject debt from Defendant that bore a date of August 10, 2017.  Plaintiff's Affidavit, **Exhibit 1**, ¶ 4; Defendant's August 10, 2017 Letter to Plaintiff, **Exhibit 2**.

5.      Defendant's letter stated that Plaintiff had the right, within thirty days of her receipt of the letter, to dispute the validity of the alleged debt and request verification thereof. Plaintiff's Affidavit, **Exhibit 1**, ¶ 5; Defendant's August 10, 2017 Letter to Plaintiff, **Exhibit 2**.

6.      The letter encouraged Plaintiff to call Defendant, and after reviewing the letter Plaintiff knew that she had paid the co-pay for the insurance at the time of the medical visit and that her insurance had paid the balance of the charges.  As such, Plaintiff believed she did not owe the subject debt.  As such, Plaintiff called Defendant from her residence on August 28, 2017 to explain this fact.  Plaintiff's Affidavit, **Exhibit 1**, ¶ 6, 7; Defendant's August 10, 2017 Letter to Plaintiff, **Exhibit 2**.

7.      Plaintiff called Defendant from her residence on August 28, 2017, well within the thirty days of receiving the letter.  Plaintiff's Affidavit, **Exhibit 1**, ¶ 7; Defendant's August 10, 2017 Letter to Plaintiff, **Exhibit 2**.

8.      During the telephone conversation, Defendant demanded payment of the alleged debt and provided a deadlines of August 31, September 1, and September 14 of 2017.  A transcript of the relevant portion of the call follows:

**Bryndi:** "I don't think this is correct because we were insured for the visit and the remaining balance should be zero."

**Defendant:** Absolutely, I just need to verify the address (states address).

**Bryndi:** We have moved since then.

2

**Defendant:**  OK date of birth (states date of birth).

**Bryndi:** That's my birthday not my son's.

**Defendant:** Correct.  And we just have to let you know that this is an attempt to collect a debt and any information obtained will be used for that purpose.  The call will be monitored and recorded for quality purposes.  And it's showing here that the balance… remaining is $172.11.

**Bryndi:** OK, but I'm insured so the remaining balance should be zero.

**Defendant:**  But it's not.

**Bryndi.**  OK so even if it is for my child is it going to go on my credit?

**Defendant:** Well, you're financially responsible.  You're the guarantor on the account.  So you sign off on your son's, you know, for any child that you may have you're responsible financially for those accounts.

**Bryndi:**  OK, how much time do I have to take care of this?

**Defendant:** We could post date the payment, ma'am, if you'd like to go ahead and help you out with the account.  That way it will stop all collection efforts.

**Bryndi:** And what am I supposed to do to keep this off my credit?

**Defendant:** What we can do to make it a zero balance is we can go ahead and post date the payment up till the 31st, or when do you need to do the payment in full?

**Bryndi:**  I'm not quite sure yet.

**Defendant:**  The farthest out I can do this is for September 14 if you're not able to do it this Friday, by this Friday, which is the 1st.  I can put it in for the 14th, $172.11.

**Bryndi:**  This doesn't sound right to me, I'm turning this over to my lawyer (provides name and number of attorney).

3

**Defendant:**   You can go ahead and give him the information so you can get this taken care of, OK?

Plaintiff's Affidavit, **Exhibit 1**, ¶ 8; Recording of August 2017 Telephone Conversation, **Exhibit 3**.

9.     At no time in the telephone conversation did Defendant explain to Plaintiff that despite Defendant's payment demands, Plaintiff retained her dispute and verification rights. Plaintiff's Affidavit, **Exhibit 1**, ¶ 9; Recording of August 2017 Telephone Conversation, **Exhibit 3**.

10.     Defendant's conduct caused Plaintiff to believe that she could not exercise her dispute rights or that such an exercise would not be honored because Defendant told Plaintiff that the only way to avoid negative credit reporting was to pay the debt by August 31, 2017, and all of the other deadlines Defendant provided were within the thirty-day dispute period.  Plaintiff thus believed that she had no option but to pay the alleged debt within her dispute period. Accordingly, Plaintiff felt that she had no option but to retain counsel on the debt and she proceed to retain and pay for counsel as a result of Defendant's overshadowing of her dispute rights.  Plaintiff's Affidavit, **Exhibit 1**, ¶ 10.

11.     Defendant's conduct caused Plaintiff to incur attorneys' fees, and caused Plaintiff to suffer stress, anxiety and frustration because she believed that Defendant was overshadowing her dispute rights with its time-specific demands for payment within the thirty day dispute period, and that Defendant was refusing to honor her bona fide dispute of the debt.

Respectfully submitted,

ROSS & VOYTAS, LLC


By: /s/ Richard A. Voytas, Jr.
Ethan W. Gee #70075 MO
Richard A. Voytas, Jr. # 52046 MO
Ross & Voytas, LLC
12444 Powerscourt Drive Suite 370
St. Louis, MO 63131
(314) 394-0605 (telephone)
(314) 636-333-1212 (facsimile)
rick@rossvoytas.com
ethan@rossvoytas.com

Attorney for Plaintiff


## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically with the United States District Court for the Eastern District of Missouri, this 10th day of January, 2018, with notice of case activity generated and sent electronically to all counsel of record.

/s/ Richard A. Voytas, Jr.

5