**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **BRYNDI ZAZUETA** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 4:17-cv-02796-SNLJ |
| | ) |
| **MEDICAL DATA SYSTEMS, INC.** | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF**
**HER MOTION FOR PARTIAL SUMMARY JUDGMENT**

### I.  INTRODUCTION

Summary judgment is appropriate in Plaintiff's favor because Defendant, even though it knew Plaintiff disputed the debt, told Plaintiff that she had a "deadline" for payment that fell within the thirty-day dispute period in violation of Subsection 1692g(b) of the FDCPA. Plaintiff's 1692g dispute period began when she received the letter on August 18, 2017.  The Section 1692g period lasts for thirty days.  This District holds that a debt collector's demand for payment at a deadline within this dispute period overshadows a consumer's dispute rights and constitutes a violation of the FDCPA.  In this case, Plaintiff called Defendant and explained that she did not agree with the balance due and asked how she could keep the balance off of her credit.  Defendant responded that Plaintiff needed to pay the debt by August 31, 2017- a date well within the dispute period.  Subsequently, in the same call, Defendant told Plaintiff that she had to pay on September 1, 2017.  This was also a date well within the dispute period. Defendant therefore overshadowed Plaintiff's 1692g(b) rights, and summary judgment is appropriate for Plaintiff.

## II. STANDARDS OF REVIEW

### A. Summary Judgment

Summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party. Fu v. Owens, 622 F.3d 880, 882 (8th Cir. 2010); F.R.C.P. 56(c). Plaintiff is entitled to summary judgment if the evidence, viewed in the light most favorable to Defendant, shows that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Allianz Ins. Co. of Can. V. Sanfleben, 454 F.3d 853, 855 (8th Cir. 2006). Defendant may not simply rest on the allegations of the pleadings, but must come forward and designate specific facts showing that there is a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Mere allegations, unsupported by specific facts or evidence beyond Defendant's own conclusions, are insufficient to withstand a motion for summary judgment. Thomas v. Corwin, 483 F.3d 516, 527 (8th Cir. 2007).

### B. The "Unsophisticated Consumer"

Congress created the Fair Debt Collection Practices Act ("FDCPA") in order to stop the "use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692a (2006). Under the FDCPA, the court must assess the deceptive, misleading or confusing nature of collection activity from the perspective of an "unsophisticated consumer." McCafferty v. Schwartzkopf Law Office, No. 4:10 CV 1401RWS, 2011 WL 4916382, *2 (E.D. Mo. Oct. 17, 2011); Freyermuth v. Credit Bureau Servs., Inc., 248 F.3d 767, 771 (8th Cir. 2001); Chuway v. Nat'l Action Fin. Servs., Inc., 362 F.3d 944, 948–49 (7th Cir. 2004). This "unsophisticated consumer" is assumed to be "uninformed, naïve, or trusting," and would be confused or misled if a "significant fraction" of people would be similarly misled. Chuway, 362

2

F.3d at 949.   Under the "unsophisticated consumer" standard, a court may grant summary judgment when collection activity "on its face violates the [FDCPA]… even in the absence of extrinsic evidence."   Bode v. Encore Receivables Mgmt., Inc., No. 05-CV-1013, 2007 WL 2493898, at *4 (E.D. Wis. Aug. 30, 2007).

### III.  ARGUMENT

**A.   Plaintiff Satisfies the Threshold Inquiry:  She is a Consumer and Defendant is a Debt Collector.**

To prevail on her FDCPA allegations, Plaintiff must prove that (1) she is a consumer, (2) Defendant is a debt collector, (3) there was an attempt to collect a debt, and (4) Defendant violated, by act or omission, a provision of the FDCPA.  *See* Creighton v. Emporia Credit Serv., Inc., 981 F. Supp. 411, 414 (E.D. Va. 1997); Isaacson v. Saba Commercial Servs. Corp., 636 F. Supp. 2d 722, 724 (N.D. Ill. 2009).

Plaintiff's affidavit establishes that Plaintiff is a "consumer" because she is a natural person whom Defendant alleges is obligated to pay a debt.  *See* 15 U.S.C. § 1692a(3); Plaintiff's Statement of Uncontroverted Facts in Support of Her Motion for Partial Summary Judgment ("SOF"), ¶ 1.  The debt that Plaintiff owes would arise primarily for personal, family, or household purposes, namely the medical services Plaintiff received or guaranteed for her child.  15 U.S.C. § 1692a(5); SOF ¶ 2.  Defendant is a "debt collector," one "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6); SOF ¶ 3.  Plaintiff has established that Defendant attempted to collect a debt.  SOF, ¶¶ 4-11.   Next, Plaintiff will establish that Defendant violated the FDCPA.

**B.      Defendant Overshadowed Plaintiff's Section 1692g Rights When it Demanded Payment of the Debt And Pressured Plaintiff to Pay Within Her Dispute Period.**

Defendant overshadowed Plaintiff's Section 1692g rights when it demanded Plaintiff pay the debt on three dates within the relevant dispute period.   Subsection 1692g(b) provides in relevant part:

> Any collection activities and communication during the 30-day period [after the debt collector's written notice under Section 1692g(a)] may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt….

15 U.S.C. § 1692g(b).

If a debt collector asserts that payment must be made within the dispute period without explaining that the consumer retains her dispute and verification rights, the collector has, by definition, overshadowed those rights.      Bland v. LVNV Funding, LLC, No. 4:15-cv-00425-RWS, 2015 WL 5227414 *3-4 (E.D. Mo. Sept. 8, 2015); McHugh v. Valarity, LLC, No. 4:14–CV–858 JAR, 2014 WL 6772469 *3 (E.D. Mo. Dec. 1, 2014); Johnson v. Evans & Dixon, LLC, No. 4:13-cv-00671-NAB *7–16 (E.D. Mo. Apr. 8, 2014); Glackin v. LTD Finan. Servs., L.P., No. 4:13–CV–00717 (CEJ), 2013 WL 3984520 *2–3 (E.D. Mo. Aug. 1, 2013); McCafferty v. Schwartzkopf Law Office, Case No. 4:10 CV 1401RWS, 2011 WL 4916382 *4 (E.D. Mo. Oct. 17, 2011); Ellis v. Solomon & Solomon, P.C., 591 F.3d 130 (2d Cir. 2010), *cert. denied*, 130 S. Ct. 3333 (2010); Robinson v. Transworld Sys. Inc., 876 F. Supp. 385, 391 (N.D.N.Y. 1995); Savino v. Computer Credit, Inc., 164 F.3d 81, 85 (2d Cir. 1998).  A collection communication overshadows the consumer's validation right if it is made during the dispute and validation period and if "it fails to convey the validation information clearly and effectively and

4

thereby makes the least sophisticated consumer uncertain as to her rights." Savino, 164 F.3d at 85.

The burden on the debt collector to comply with Section 1692g is featherweight; if the collector simply waits thirty days before making a payment demand it will be in compliance with the statute. Even if the debt collector wants to contact the consumer and make collection attempts within the thirty-day dispute period, it can comply with the statute by making it clear to the consumer that the consumer still retains their Section 1692g dispute and verification rights. Defendant in this case failed to do either.

Judge Jackson of this District found that the defendant's demand for creating payment arrangements within the dispute period overshadowed the consumer's Section 1692g rights. *See* Glackin, 2013 WL 3984520, at *3. There, the plaintiff called the defendant to inquire about the status of her debt that the defendant was trying to collect. Id. at *2. The call occurred during the plaintiff's thirty-day dispute period. Id. at *2–3. During the call, the defendant demanded that the plaintiff make payment arrangements before the expiration of the plaintiff's dispute period. Id. Judge Jackson found that this payment demand overshadowed the plaintiff's dispute and verification rights, reasoning that

> [f]rom the standpoint of an unsophisticated consumer, defendant's instruction to make a payment or arrange a payment plan on or before March 29, 2013 is confusing when compared to the 30–day dispute period, which would have run until April 10, 2013. *See Bartlett v. Heibl,* 128 F.3d 497, 501 (7th Cir. 1997) (When a due date is set within the 30–day dispute period, the "net effect ... turn[s] the required disclosure on its head."). For instance, if plaintiff made payment arrangements on or before March 29, 2013, it is unlikely that plaintiff, an unsophisticated consumer, would understand that she could still dispute the debt despite making such arrangements.
> …
> [A]n unsophisticated consumer would likely believe that setting up payment arrangements would act as a waiver of the right to dispute the debt. Accordingly, the Court finds that defendant's request for plaintiff to make a

5

payment or make payment arrangements on or before March 29 improperly overshadowed and was inconsistent with the validation notice.

Id. at *3.

Likewise, Judge Baker's order in *Johnson* underscores the varied ways in which debt collectors overshadow a consumer's dispute rights. Johnson, at 14. There, the consumer, Johnson, called the debt collector during her dispute period to inquire about the amount of the alleged debt. Id. at 2. During the call, the debt collector made repeated demands for payment of the debt. Id. For example, the debt collector stated that it "need[ed] to know if [Johnson] [was] interested in paying" the debt immediately. Id. The debt collector also requested that Johnson set up payment arrangements during the call to avoid the debt being forwarded to an attorney in the debt collector's firm. Id. Finally, the debt collector flatly stated that the debt was "due immediately." Id. at 3.

Judge Baker found that these statements, made during Johnson's dispute period, overshadowed her dispute rights.[1] Id. at 5. Judge Baker reasoned that although debt collectors are "perfectly free to demand payment" during the dispute period, such demands cannot "obscure" a consumer's dispute rights. Id. at 11 (emphasis omitted). In particular, the court found that the debt collector's statement that payment was "due immediately" would "certainly" be viewed by the unsophisticated consumer as a demand for immediate payment. Id. at 14. Even though the debt collector did not set a discrete deadline that truncated the dispute period, as in *Glackin*, the collector's repeated requests for payment and its implied threat of suit indicated to the unsophisticated consumer that she must pay "immediately or very soon." Id. at 15. As a

---

[1] Judge Baker noted that while the Eighth Circuit has not squarely addressed the issue, its prior opinions strongly suggest that applying the unsophisticated consumer standard is a question of law, not of fact. Id. at 9–11.

result, the collector's statements "were confusing, obscured Johnson's rights under the FDCPA, and clouded the amount of time remaining for Johnson to dispute the debt." Id. at 16.[2]

Judge Ross expanded upon Judges Baker and Jackson's holdings in *McHugh*. There, a consumer called in within her dispute period. McHugh, 2014 WL 6772469 at *1. The collector variously stated that the debt "is really due today" and that "the best thing for you to do is [pay] the full amount." Id. at * 2. The collector further suggested that I would try paying it off today. If you're able to, that's would I would do so it won't go to [inaudible] continued action." Id. Judge Ross held that "[b]ecause it is unlikely that a hypothetical unsophisticated consumer would understand that she could still dispute the debt once she had made payment arrangements (or even a payment)," the collector's statements overshadowed the consumer's dispute rights in violation of Subsection 1692g(b). Id. at *3.

Finally, Judge Sippel authored *Bland*, where the collector threatened the consumer with garnishment if she did not pay the alleged debt on the day the parties spoke. Bland, 2015 WL 5227414 *4. Judge Sippel agreed with Judge Baker that the "unsophisticated consumer" standard should be used to assess the subject collection activity. Id. at *4, n.4. Judge Sippel concluded that the consumer had stated a claim for overshadowing. Id. at *4.

In the instant case, Defendant overshadowed Plaintiff's dispute rights by making demands for payment within Plaintiff's dispute period. Plaintiff's thirty-day dispute period as provided by Section 1692g(b) was ongoing at the time of the August 2017 telephone conversation. SOF, ¶¶ 4-7. She called Defendant soon after receiving the letter and explained that she disputed the debt and voiced concern over the debt being credit reported. SOF, ¶ 7.

---

[2] Judge Baker also observed that there is no requirement under Section 1692g(b) that the consumer dispute the debt before an overshadowing violation can occur. Id. at 8.

Specifically, after voicing her dispute, Plaintiff asked how long she had to resolve the issue. SOF, ¶ 7.  Defendant demanded payment of the alleged debt on August 31, 2017: "What we can do to make it a zero balance is we can go ahead and post date the payment up till the 31st…" SOF, ¶ 8.  This was a discrete deadline for payment – August 31, 2017 – which was well within Plaintiff's dispute period.  SOF, ¶¶ 4-8.  When Plaintiff balked at paying the balance that she was disputing, Defendant made two more demands for payment within the dispute period: "The farthest out I can do this is for September 14 if you're not able to do it this Friday, by this Friday, which is the 1st.  I can put it in for the 14th, $172.11."  SOF, ¶ 8.  At no time in the conversation did Defendant disclose that Plaintiff retained her Section 1692g rights.  SOF, ¶ 9.

This conduct overshadowed Plaintiff's dispute rights.  Defendant, contrary to the law of this District, demanded payment of the alleged debt even while knowing that Plaintiff disputed the debt, set a discrete deadline for payment that was within the thirty-day dispute period, and attempted to pressure Plaintiff into paying within the dispute period.  *See* Glackin, 2013 WL 3984520 *3; Johnson, at 14; McHugh, 2014 WL 6772469 at *3; Bland, 2015 WL 5227414 *4.  To an unsophisticated consumer, this conduct within the dispute period was directly contrary to her rights under Section 1692g.  The unsophisticated consumer, viewing Defendant's letter, would think that she had thirty days to gather information about the debt and dispute it, but Defendant's conduct would lead her to believe that she either had no dispute rights or that Defendant would not honor those rights.   SOF, ¶ 10-11.

Indeed, Defendant's conduct caused Plaintiff to believe that she could not exercise her dispute rights or that such an exercise would not be honored because Defendant told Plaintiff that the only way to avoid negative credit reporting was to pay the debt by August 31, 2017, and all

of the other deadlines Defendant provided were within the thirty-day dispute period.  SOF, ¶ 10-11.  Plaintiff thus believed that she had no option but to pay the alleged debt within her dispute period.  SOF, ¶ 10-11.  Accordingly, Plaintiff felt that she had no option but to retain counsel on the debt and she proceed to retain and pay for counsel as a result of Defendant's overshadowing of her dispute rights.  SOF, ¶ 10-11.  Defendant's conduct caused Plaintiff to incur attorneys' fees, and caused Plaintiff to suffer stress, anxiety and frustration because she believed that Defendant was overshadowing her dispute rights with its time-specific demands for payment within the thirty day dispute period, and that Defendant was refusing to honor her bona fide dispute of the debt.  SOF, ¶ 10-11.

### IV.  CONCLUSION

Plaintiff is entitled to partial summary judgment because the indisputable facts prove her claim pursuant to Section 1692g(b).  Therefore, Plaintiff respectfully requests that this Court grant her Motion for Partial Summary Judgment.  Plaintiff also requests any further relief that the Court deems just and appropriate.

Respectfully submitted,

ROSS & VOYTAS, LLC


By: /s/ Richard A. Voytas, Jr.
Ethan W. Gee #70075 MO
Richard A. Voytas, Jr. # 52046 MO
Ross & Voytas, LLC
12444 Powerscourt Drive Suite 370
St. Louis, MO 63131
(314) 394-0605 (telephone)
(314) 636-333-1212 (facsimile)
rick@rossvoytas.com
ethan@rossvoytas.com

Attorney for Plaintiff


## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically with the United States District Court for the Eastern District of Missouri, this 10th day of January, 2018, with notice of case activity generated and sent electronically to all counsel of record.


/s/ Richard A. Voytas, Jr.

10