## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

|  |  |  |
|---|---|---|
| BRYNDI ZAZUETA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-cv-2796 |
| | ) | |
| MEDICAL DATA SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS

COMES NOW Defendant Medical Data Systems, Inc. ("MDS") by and through its undersigned counsel, and for its Response to Plaintiff's Statement of Uncontroverted Facts, states as follows:

1.     *Plaintiff is an individual consumer. She did not incur the alleged debt at issue in this suit for any business-related purpose. Plaintiff's Affidavit, Exhibit 1, ¶ 2.*

**Response by MDS:  Discovery has not been completed in this case, and MDS has not had a full opportunity to determine whether evidence exists to dispute these facts.**

2.     *The services that give rise to the alleged debt relate to medical services Plaintiff or her minor child received- all collection communications were addressed to Plaintiff. Plaintiff's Affidavit, Exhibit 1, ¶ 3.*

**Response by MDS:  MDS does not dispute these facts.**

3.     *Defendant is a debt collector, as demonstrated by its August 10, 2017 letter to Plaintiff and telephone conversation with Plaintiff. Defendant's August 10, 2017 Letter to*

1

Exhibit A

8815475v.1

*Plaintiff, Exhibit 2; Recording of August 2017 Telephone Conversation, Exhibit 3.*

**Response by MDS:  MDS does not dispute these facts.**

4.      *On August 18, 2017, Plaintiff received the initial letter on the subject debt from Defendant that bore a date of August 10, 2017. Plaintiff's Affidavit, Exhibit 1, ¶ 4; Defendant's August 10, 2017 Letter to Plaintiff, Exhibit 2.*

**Response by MDS:  Discovery has not been completed in this case, and MDS has not had a full opportunity to determine whether evidence exists to dispute the fact of when Plaintiff received the initial letter.  MDS does not dispute that the letter attached as Exhibit 2 to Plaintiff's Motion for Partial Summary Judgment is a true and accurate copy of the letter sent by MDS to Plaintiff on August 10, 2017.**

5.      *Defendant's letter stated that Plaintiff had the right, within thirty days of her receipt of the letter, to dispute the validity of the alleged debt and request verification thereof. Plaintiff's Affidavit, Exhibit 1, ¶ 5; Defendant's August 10, 2017 Letter to Plaintiff, Exhibit 2.*

**Response by MDS:  The letter is the best evidence of the contents therein, and MDS disputes any characterization or paraphrasing of the statements in the letter.**

6.      *The letter encouraged Plaintiff to call Defendant, and after reviewing the letter Plaintiff knew that she had paid the co-pay for the insurance at the time of the medical visit and that her insurance had paid the balance of the charges. As such, Plaintiff believed she did not owe the subject debt. As such, Plaintiff called Defendant from her residence on August 28, 2017 to explain this fact. Plaintiff's Affidavit, Exhibit 1, ¶ 6, 7; Defendant's August 10, 2017 Letter to Plaintiff, Exhibit 2.*

**Response by MDS:  The letter is the best evidence of the contents therein, and MDS disputes any characterization or paraphrasing of the statements in the letter.  Discovery**

Exhibit A

8815475v.1

**has not been completed in this case, and MDS has not had a full opportunity to determine whether evidence exists to dispute the facts in this paragraph regarding Plaintiff's knowledge, the underlying debt, and the location where Plaintiff called MDS.  MDS does not dispute that Plaintiff called it on August 28, 2017.**

7.      *Plaintiff called Defendant from her residence on August 28, 2017, well within the thirty days of receiving the letter. Plaintiff's Affidavit, Exhibit 1, ¶ 7; Defendant's August 10, 2017 Letter to Plaintiff, Exhibit 2.*

**Response by MDS:  Discovery has not been completed in this case, and MDS has not had a full opportunity to determine whether evidence exists to dispute the facts in this paragraph regarding the location where Plaintiff called MDS.  MDS does not dispute that Plaintiff called it on August 28, 2017, and does not dispute that the phone call took place within thirty days of Plaintiff receiving the letter.**

8.      *During the telephone conversation, Defendant demanded payment of the alleged debt and provided a deadlines of August 31, September 1, and September 14 of 2017. A transcript of the relevant portion of the call follows:*

*Bryndi: "I don't think this is correct because we were insured for the visit and the remaining balance should be zero."*

*Defendant: Absolutely, I just need to verify the address (states address).*

*Bryndi: We have moved since then.*

*Defendant: OK date of birth (states date of birth).*

*Bryndi: That's my birthday not my son's.*

*Defendant: Correct. And we just have to let you know that this is an attempt to collect a debt and any information obtained will be used for that purpose. The call will be monitored and*

Exhibit A

8815475v.1

*recorded for quality purposes. And it's showing here that the balance… remaining is $172.11.*

*Bryndi: OK, but I'm insured so the remaining balance should be zero.*

*Defendant: But it's not.*

*Bryndi. OK so even if it is for my child is it going to go on my credit?*

*Defendant: Well, you're financially responsible. You're the guarantor on the account. So you sign off on your son's, you know, for any child that you may have you're responsible financially for those accounts.*

*Bryndi: OK, how much time do I have to take care of this?*

*Defendant: We could post date the payment, ma'am, if you'd like to go ahead and help you out with the account. That way it will stop all collection efforts.*

*Bryndi: And what am I supposed to do to keep this off my credit?*

*Defendant: What we can do to make it a zero balance is we can go ahead and post date the payment up till the 31st , or when do you need to do the payment in full?*

*Bryndi: I'm not quite sure yet.*

*Defendant: The farthest out I can do this is for September 14 if you're not able to do it this Friday, by this Friday, which is the 1st. I can put it in for the 14th, $172.11.*

*Bryndi: This doesn't sound right to me, I'm turning this over to my lawyer (provides name and number of attorney).*

*Defendant: You can go ahead and give him the information so you can get this taken care of, OK?*

*Plaintiff's Affidavit, Exhibit 1, ¶ 8; Recording of August 2017 Telephone Conversation, Exhibit 3.*

**Response by MDS:  MDS does not dispute that the recording provided by Plaintiff as**

4                                                                                            Exhibit A

**Exhibit 3 to her Motion for Partial Summary Judgment is an accurate recording of the phone call between Plaintiff and MDS.  However, MDS disputes that the partial transcription of the phone call provided by Plaintiff is complete and accurate.  MDS provides the following complete and accurate transcription of the phone call (with only non-relevant personal identification information redacted):**

| | |
|---|---|
| **MDS:** | **Thank you for calling Medical Revenue Service.  This is Carlos.  How can I help you?** |
| **Plaintiff:** | **Hi.  I just got a letter in the mail, um, with the account number 649—** |
| **MDS:** | **649?** |
| **Plaintiff:** | **--3810-1-X.** |
| **MDS:** | **Okay.  And it's for Bryndi Zazueta?** |
| **Plaintiff:** | **Um, I see that it's—that it's supposed to be for my child—** |
| **MDS:** | **For Trevor? Or Tyvor?** |
| **Plaintiff:** | **Tyvor.  But I don't think this is correct because we were insured for the visit and the remaining balance should be zero.** |
| **MDS:** | **Absolutely, I just need to verify the address (states address).** |
| **Plaintiff:** | **We have moved since then.** |
| **MDS:** | **Okay.  Date of birth (states date of birth).** |
| **Plaintiff:** | **That's my birthday, not my son's.** |
| **MDS:** | **Correct.  And we just have to let you know that this is an attempt to collect a debt and any information obtained will be used for that purpose.  The calls are monitored and recorded for quality purposes. And it's showing here that the bal—that we tried to process it initially through Aetna, through your dual PPO, and the balance remaining is $172.11.** |
| **Plaintiff:** | **Okay, but I'm insured so the remaining balance should be zero.** |
| **MDS:** | **But it's not.** |
| **Plaintiff:** | **Okay, so even if it's for my child is it going to go on my credit?** |
| **MDS:** | **Well, you're financially responsible. You're the guarantor on the account.** |

5                                                                 Exhibit A

8815475v.1

**So you sign off on your son, you know, for any child that you may have you're responsible financially for those accounts.**

**Plaintiff:**   **Okay, how much time do I have to take care of this?**

**MDS:**   **We could post date the payment, ma'am, if you'd like to go ahead and help you out with the account. That way it will stop all collection efforts.**

**Plaintiff:**   **Okay.  And what am I supposed to do to keep this off my credit?**

**MDS:**   **Well, what we can do to make it a zero balance, and it will show a zero balance on our system, is we can go ahead and post date the payment up till the 31st , or when do you need to do the payment until?**

**Plaintiff:**   **Umm, I'm not quite sure yet.**

**MDS:**   **Well, the farthest out I can do this is for September 14 if you're not able to do it this Friday, by this Friday, which is the 1st.  I can put it in for the 14th, $172.11.**

**Plaintiff:**   **Okay, um, it doesn't sound right to me.  I'm going to turn it over to my lawyer Andrew Smith.  His phone number is (phone number).**

**MDS:**   **You can go ahead and give him the information so you can get this taken care of, okay?**

**Plaintiff:**   **Okay, thank you.  Bye.**

**MDS:**   **Thank you so much.  You have a wonderful day.  Buh-bye.**

9.      *At no time in the telephone conversation did Defendant explain to Plaintiff that despite Defendant's payment demands, Plaintiff retained her dispute and verification rights. Plaintiff's Affidavit, Exhibit 1, ¶ 9; Recording of August 2017 Telephone Conversation, Exhibit 3.*

**Response by MDS:  The transcription of the phone call provided by MDS above provides the exact statements made by MDS during the phone call.  MDS disputes that it made any payment demands during the phone call.**

10.      *Defendant's conduct caused Plaintiff to believe that she could not exercise her dispute rights or that such an exercise would not be honored because Defendant told Plaintiff*

6                                          Exhibit A

*that the only way to avoid negative credit reporting was to pay the debt by August 31, 2017, and all of the other deadlines Defendant provided were within the thirty-day dispute period. Plaintiff thus believed that she had no option but to pay the alleged debt within her dispute period. Accordingly, Plaintiff felt that she had no option but to retain counsel on the debt and she proceed to retain and pay for counsel as a result of Defendant's overshadowing of her dispute rights. Plaintiff's Affidavit, Exhibit 1, ¶ 10.*

**Response by MDS:  Discovery has not been completed in this case, and MDS has not had a full opportunity to determine whether evidence exists to dispute the facts in this paragraph regarding Plaintiff's beliefs or feelings or whether she has had to pay for counsel.  MDS disputes that it told Plaintiff that the only way to avoid negative credit reporting was to pay the debt by August 31, 2017.  Both Plaintiff's transcript and MDS's transcript of the phone call, as well as the recording of the phone call itself, show that no such statement was made, and this paragraph is improper argument, not a statement of uncontroverted fact.  MDS also disputes that it gave any deadlines to Plaintiff during the phone call.  As revealed in the transcripts provided by the parties and the audio recording of the phone call, the dates given by MDS during the call were possible dates for post-dating any payments that Plaintiff wished to make.  MDS also disputes that it overshadowed Plaintiff's dispute rights, and MDS further states that Plaintiff is making improper argument within a statement of uncontroverted facts.**

11.     *Defendant's conduct caused Plaintiff to incur attorneys' fees, and caused Plaintiff to suffer stress, anxiety and frustration because she believed that Defendant was overshadowing her dispute rights with its time-specific demands for payment within the thirty day dispute period, and that Defendant was refusing to honor her bona fide dispute of the debt.*

Exhibit A

8815475v.1

**Response by MDS:  Discovery has not been completed in this case, and MDS has not had a full opportunity to determine whether evidence exists to dispute the facts in this paragraph regarding whether Plaintiff has incurred attorney's fees and whether Plaintiff has suffered from stress, anxiety and frustration, and regarding Plaintiff's beliefs.  MDS disputes that it overshadowed Plaintiff's dispute rights and disputes that it was refusing to honor her bona fide dispute of the debt.  MDS further states that Plaintiff is making improper argument within a statement of uncontroverted facts.**

Dated: February 14, 2018

> By:     */s/ Jason D. Johnson*
> Daniel E. Tranen, #48585 (MO)
> Jason D. Johnson, #58209 (MO)
> Wilson Elser Moskowitz
> Edelman & Dicker LLP
> 101 West Vandalia Street Suite 220
> Edwardsville, IL 62025
> 618-307-0200 (Phone)
> 618-307-0221 (Fax)
> daniel.tranen@wilsonelser.com
> jason.johnson@wilsonelser.com
>
> *Attorneys for Defendant*
> *Medical Data Systems, Inc.*

8                                                            Exhibit A