UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BRYNDI ZAZUETA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-CV-2796-SNLJ |
| | ) | |
| MEDICAL DATA SYSTEMS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff alleges defendant Medical Data Systems, Inc. ("Debt Collector") violated the Fair Debt Collections Practices Act ("Act") when she called Debt Collector to inquire about a debt she allegedly owes. Plaintiff moved for partial summary judgment. (#10.) Because Debt Collector never demanded during the phone call that plaintiff pay the debt, plaintiff's motion is denied.

### I. Factual Background

On August 18, 2017, plaintiff received a collection letter from Debt Collector. The letter notified plaintiff that she had thirty days to dispute the validity of the debt or request verification of it; otherwise, Debt Collector would assume the debt was valid. (#10-3.) Ten days later, plaintiff called Debt Collector and had the following exchange with one of Debt Collector's representatives:

> **Representative:** [Inaudible] Service. This is [states name]. How can I help you?
>
> **Plaintiff:** Hi. I just got—

1

| | |
|---|---|
| **Representative:** | Hi. |
| **Plaintiff:** | —a letter in the mail, um, with the account number [states number]. |
| **Representative:** | [Repeats number]? |
| **Plaintiff:** | [Finishes stating account number]. |
| **Representative:** | Okay. And it's for Bryndi Zazueta? |
| **Plaintiff:** | Um, I see that it's—that it's supposed to be for my child— |
| **Representative:** | For [states child's name]? Or [repeats similarly spelled name]? |
| **Plaintiff:** | [States child's name]. But I don't think this is correct because we were insured for the visit and the remaining balance should be zero. |
| **Representative:** | Absolutely, I just need to verify the address [states address]. |
| **Plaintiff**: | Uh, we have moved since then. |
| **Representative:** | Okay. Date of birth [states date of birth]. |
| **Plaintiff:** | That's my birthday, not my son's. |
| **Representative**: | Correct. And we just have to let you know that this is an attempt to collect a debt and any information obtained will be used for that purpose. The calls are monitored and recorded for quality purposes. And it's showing here that the bal—that we tried to process it initially through Aetna, through your dual PPO, and the balance remaining is $172.11. |
| **Plaintiff:** | Okay, but I'm insured so it—the remaining balance should be zero. |
| **Representative:** | But it's not. |

2

| **Plaintiff:** | Okay, so even if it's for my child is it going to go on my credit? |
|---|---|
| **Representative:** | Well, you're financially responsible. You're the guarantor on the account. So you sign off on your son, you know, for your child—any child that you may have you're responsible financially for those accounts. |
| **Plaintiff:** | Okay, how much time do I have to take care of this? |
| **Representative**: | Uh, we could post date the payment, ma'am, if you'd like to go ahead and help you out with the account. That way it will stop all collection efforts. |
| **Plaintiff:** | Okay. And what am I supposed to do to keep this off my credit? |
| **Representative:** | Well, what we can do to make it a zero balance, and it will show a zero balance on our system, is we can go ahead and post date the payment up till the 31st , or when do you need to do the payment until? |
| **Plaintiff:** | Um, I'm not quite sure yet. |
| **Representative**: | Well, the farthest out I can do this is for September 14 if you're not able to do it this Friday, by this Friday, which is the 1st. I can put it in for the 14th, $172.11. |
| **Plaintiff:** | Okay, um, it doesn't sound right to me. I'm going to turn it over to my lawyer [states lawyer's name]. His phone number is [states name]. |
| **Representative**: | Um, you can go ahead and give him the information so you can get this taken care of, okay? |
| **Plaintiff:** | Okay, thank you. Bye. |
| **Representative:** | Thank you so much. You have a wonderful day. Buh-bye. |

(#10-4) (recording of the conversation).

A couple months later, plaintiff filed suit alleging Debt Collector violated 15 U.S.C. §§ 1692d, 1692e, and 1692g. In this motion, "[p]laintiff moves for partial summary judgment as to 15 U.S.C. § 1692g(b) liability only." (#10 at 1.)

## II.     Legal Standard

Under Rule 56(c) of the Federal Rules of Civil Procedure, a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Poller v. Columbia Broad. Sys., Inc.*, 368 U.S. 464, 467 (1962). The burden is on the moving party. *City of Mt. Pleasant v. Associated Elec. Co-op, Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party must set forth specific facts showing that there is sufficient evidence that will allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

In ruling on a motion for summary judgment, the Court must review the facts in the light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir. 1983). The Court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976).

## III.    Discussion

"The purpose of the [Act] is to eliminate abusive debt collection practices by debt collectors[.]" *Dunham v. Portfolio Recovery Assocs., LLC*, 663 F.3d 997, 1000 (8th Cir. 2011) (*quoting Richmond v. Higgins*, 435 F.3d 825, 828 (8th Cir. 2006)). "When a court is evaluating a debt collection communication[,] it must view it 'through the eyes of an unsophisticated consumer.'" *Bland v. LVNV Funding, LLC*, 128 F. Supp. 3d 1152, 1156 (E.D. Mo. 2015) (*quoting Freyermuth v. Credit Bureau Servs., Inc.*, 248 F.3d 767, 771 (8th Cir. 2001)). "This standard is 'designed to protect consumers of below average sophistication or intelligence without having the standard tied to the very last rung on the sophistication ladder.'" *Id.* (*quoting Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004)). It "protects the uninformed or naive consumer, yet also contains an objective element of reasonableness to protect debt collectors from liability for peculiar interpretations of collection letters." *Strand*, 380 F.3d at 317–18.

"Under the 'unsophisticated consumer' standard, a court may grant summary judgment when collection activity 'on its face violates the [FDCPA] . . . even in the absence of extrinsic evidence.'" *McHugh v. Valarity, LLC*, No. 4:14-CV-858-JAR, 2014 WL 6772469, at *1 (E.D. Mo. Dec. 1, 2014) (alterations in original) (*quoting Bode v. Encore Receivables Mgmt., Inc.*, 2007 WL 2493898, at *4 (E.D. Wis. Aug. 30, 2007)). Indeed, the parties seem to agree that it is appropriate for this Court to decide whether Debt Collector's representative "overshadowed" the collection letter's disclosure that notified plaintiff she had thirty days to dispute or request verification of the debt.

5

Section 1692g of the Act sets forth certain information that a debt collector must convey in writing to a consumer within five days after the initial communication when attempting to collect a debt. As relevant here, the notice must include

> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. §§ 1692g(a)(3)–(5).

While including this language is necessary to comply with § 1692g, it is not always sufficient. *See Vetrano v. CBE Grp., Inc.*, No. CV153185JSAKT, 2016 WL 4083384, at *5 (E.D.N.Y. Aug. 1, 2016). This is because "collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b). A consumer's rights are overshadowed or contradicted "when a debt-collection letter conveys information in a confusing or contradictory fashion so as to cloud the required message with uncertainty." *Tilatitsky v. Medicredit, Inc.*, No. 4:16-CV-811-JCH, 2016 WL 5906819, at *3 (E.D. Mo. Oct. 11, 2016) (*quoting Founie v. Midland Credit Mgmt., Inc.*, No 4:14-CV-816-RWS, 2014 WL 6607197, at *3 (E.D. Mo. Nov. 19, 2014)). Plaintiff alleges Debt Collector's

representative overshadowed her right to dispute or request verification of the debt when the representative "demanded [p]laintiff pay the debt on three dates within the relevant dispute period." (#11 at 4.)

Again, plaintiff received the letter on August 18, 2017. Thus, she had until September 18, 2017, to dispute the debt. Plaintiff is correct that, "[i]f a debt collector asserts that payment must be made within the dispute period without explaining that the consumer retains her dispute and verification rights, the collector has likely overshadowed a plaintiff's dispute rights." *Bland*, 128 F. Supp. 3d at 1158. "In contrast, there is generally no overshadowing where debt collectors request payment but do not indicate that the payment must be made before the expiration of the 30–day dispute window." *Id.*

So the controlling question here is whether Debt Collector's representative demanded payment during the phone call. The transcript makes clear the representative did not:

| | |
|---|---|
| **Plaintiff:** | Okay, how much time do I have to take care of this? |
| **Representative**: | Uh, we could post date the payment, ma'am, if you'd like to go ahead and help you out with the account. That way it will stop all collection efforts. |
| **Plaintiff:** | Okay. And what am I supposed to do to keep this off my credit? |
| **Representative:** | Well, what we can do to make it a zero balance, and it will show a zero balance on our system, is we can go ahead and post date the payment up till the 31st, or when do you need to do the payment until? |
| **Plaintiff:** | Um, I'm not quite sure yet. |

7

**Representative**: Well, the farthest out I can do this is for September 14 if you're not able to do it this Friday, by this Friday, which is the 1st. I can put it in for the 14th, $172.11.

(#10-4) (recording of the conversation).

It is clear the representative offered to "post date the payment . . . *if*" plaintiff wanted help with her account. (#10-4) (recording of the conversation) (emphasis added). There was nothing demanding about this offer, and the representative did not threaten negative consequences if plaintiff declined to post date her payment. Similarly, the dates given by the representative refer to his offer to post date the payment. First, the representative offered to "post date the payment up till the 31st" and then asked plaintiff "when do you need to do the payment until." (#10-4) (recording of the conversation). Next, the representative said "the farthest out I can do *this* is for September 14 if you're not able to do it this Friday, by this Friday, which is the 1st." (#10-4) (recording of the conversation) (emphasis added). Here, "this" is a demonstrative pronoun that relates back to the representative's offer to post date payment. Finally, the representative said "I can put it in for the 14th, $172.11." (#10-4) (recording of the conversation). Again, this is still an offer to post date the payment for September 14.

The bottom line is this: the dates given by the representative refer to (1) the new date the payment would show, if plaintiff had decided to make a payment, after post dating the payment or (2) the latest date that the representative had the ability to post date the payment, if plaintiff had decided to make a payment. At no point did the representative demand payment or tell plaintiff the payment was due during the dispute

period. Plaintiff cites several cases where debt collectors did in fact demand payment during the dispute period. Because the representative in this case made no such demand, those cases have no bearing here.

Finally, the Court need not decide whether a debt collector overshadows a plaintiff's right to dispute or request verification of the debt when a debt collector (1) offers to post date payment and (2) that offer expires during the dispute period. This issue is not before the Court because plaintiff alleged only that Debt Collector demanded payment during the phone call.

## IV.  Conclusion

Plaintiff's motion for partial summary judgment (#10) is denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Bryndi Zazueta's motion for partial summary judgment (#10) is **DENIED**.


So ordered this   2nd   day of July 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE